N. B. and C. A. SHEPARD *v.* GEORGE F. AKERS.

April Term, 1876.

CHANCERY JURISDICTION AFTER JUDGMENT AT LAW. — The court of chancery has no power to supervise the proceedings of the courts of law, and to allow a party to retry a cause because of irregularities in its proceedings, and laches in the assertion of his legal rights will clearly repel him; nor will the negligence, or even fraud, of his own counsel, with which the plaintiff at law is not connected, entitle him to come into equity.

THE CHANCELLOR: — Motion by the defendant to dismiss the bill for want of equity on its face.

The facts disclosed by the bill are these: About March 22, 1872, the defendant brought his suit in the law court at Nashville against the complainants, " in an action to his damage fifteen hundred dollars." The summons was served upon one of the complainants on the 22d, and upon the other, 25th March, 1872, and required them to appear on the first Monday in May, 1872. Complainants employed a member of the Columbia bar to appear for them as their counsel, and gave him full and definite explanation of their defences, and relied upon him. From April, 1872, to March, 1873, said counsel repeatedly informed them that no steps had been taken by defendant in said suit. In March, 1873, complainants went to Texas, but wrote to their counsel, in July and December, 1873, inquiring about the case, and were informed in reply that nothing had yet been done. In June, 1874, complainant N. B. was in Nashville, and then learned that the cause had been determined against complainants, and that, on February 11, 1874, the defendant had recovered a judgment against them for $794.45.

The records of the law court show that the case of *Akers* against *Shepards* remained on the appearance-docket until January term, 1873, when it was transferred to the trial-docket. There is a paper on the file which complainants, from its contents, presume was intended as a declaration, but it is neither indorsed as a declaration nor marked filed, nor does the appearance or rule-docket show any entry of the presentation or filing of such paper. In the caption of this paper the names of the complainants are mentioned, but the word used in the body of the paper is " defendant," unless a very indistinct mark in one place is treated as an " s." No plea or answer appears in defence, nor any order directing the transfer of the case to the trial-docket. At the January, May, and September terms, 1873, of said

court, the cause appears on the trial-docket, with the words opposite, " no papers ; " but the pen is run through these words on the docket of the September term, and below them are the words "judgment by default." The minutes show that on September 18, 1873, the plaintiff appeared by attorney, and the defendants, being called, made default ; whereupon a judgment *nisi* was taken, and a writ of inquiry awarded, returnable at that term. The writ was not executed until the January term, 1874, when, on February 11, 1874, the damages were assessed by a jury, and judgment rendered as above.

The complainants insist that if defendant had any claim whatever, it was against complainant C. A., and not against complainant N. B., either as a principal with C. A. or as his surety.

The complainants say that if their counsel had any notice of the proceedings, he fraudulently concealed it from them, and they, although exercising due diligence, have had no opportunity of making defence.

This bill is filed on March 28, 1876, and seeks relief upon two grounds :

1. Because the judgment at law is void, by reason of the irregularities mentioned.

2. Because the manner in which the proceedings were conducted, and the representations made to them by their counsel, operated as a fraud and surprise.

The bill shows that the law court had jurisdiction of the person of the defendants by regular service of process, and of the subject-matter of suit. The position that the judgment is void is predicated upon the irregularities, or supposed irregularities, above detailed. But it is obvious that if this court should undertake to set aside judgments at law because the plaintiff chooses to let it stand on the appearance docket longer than he might, or neglects to see that the clerk marks his declaration as filed, or writes so badly that it is doubtful whether he ends his words in the plural with

an "s," or permits the clerk to write "no papers" oppo-
site a case, or postpones executing his writ of inquiry,
this court would have its hands full.   It would perform the
duty devolved by law on the appellate court.   Nay, it
would undertake to do what the Supreme Court itself,
upon appeal, will not do, — reverse, not upon the merits, but
for trifling irregularities of detail.   This court has no power
to supervise the proceedings of the law courts and settle
the details of its practice.   *Bissell* v. *Bozman,* 2 Dev. Eq.
154.   The form of the record of a court of law is regulated
by its own practice.   To make such a record valid upon
its face, when attacked in equity or collaterally, it is only
necessary for it to appear that the court had jurisdiction of
the subject-matter of the action, and of the parties, and
that a judgment had in fact been rendered.   All else
is form only.   *Maxwell* v. *Stewart,* 22 Wall. 79 ; *Greenlaw*
v. *Kernehan,* 4 Sneed, 371, 380 ; *McGavock* v. *Bell,* 3
Coldw. 512, 519 ; *Martin* v. *Porter,* 4 Heisk. 407, 416.

The manner in which the proceedings were conducted in
the law court, instead of operating as a fraud and a sur-
prise upon a diligent suitor, was, on the contrary, calcu-
lated in every way to favor him.   The delay was such as to
give the most ample opportunity to make and prepare any
just defence, or to have enabled the defendants speedily to
have dismissed the suit.   There is not a particle of equity
in this assumption of the bill.

The only real cause of complaint was in the representa-
tions made to complainants by their own counsel.   But the
bill does not connect the defendant with these representa-
tions.   And, however culpably negligent, or even fraudu-
lent, they may have been, they raise no equity against the
defendant.   The remedy is against the counsel.

If this court could rectify the errors or irregularities of
the legal forum, there is a sufficient reason shown on the
face of this bill for not interfering.   The bill shows that
the judgment complained of was recovered on February

.11, 1874, and that the complainants learned the fact, and while one of them was at Nashville, in June, 1874. The remedy to rectify errors in the proceedings was by writ of error to the Supreme Court. And if the neglect of complainants' own counsel was sufficient to deprive them of their day in court to make defence, the remedy was by writ of error *coram nobis.* They cannot be permitted to lie by until they have lost their legal remedies by their own neglect, and then come into this court. Parties can come into this court, after judgment at law, only when they have been deprived of a legal right by fraud, accident, or mistake, "unmixed with negligence or fault on their part." *Kearney* v. *Smith,* 1 Yerg. 127 ; *Thurmond* v. *Durham,* 3 Yerg. 98.